**IN THE UNITED STATES DISTRICT  COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | ) | |
| PREPARED FOOD PHOTOS, INC., | ) | |
| f/k/a ADLIFE MARKETING & | ) | |
| COMMUNICATIONS CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:24-00346 |
| | ) | |
| | ) | Chief Judge Cathy Bissoon |
| | ) | |
| v. | ) | |
| | ) | |
| BURCH FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

Plaintiff, Prepared Food Photos, Inc., f/k/a Adlife Marketing & Communications

Co., Inc ("Plaintiff" or "PFP")  has asserted a copyright infringement claim against

Defendant, Burch Farms, Inc. ("Burch Farms" or "Defendant") under 17 U.S.C. §  501, as

set forth in the Complaint (Doc. 1).  The Court has subject matter jurisdiction under

28 U.S.C. Sections 1331 and 1338.  Service of process on Defendant, a Pennsylvania

corporation, was effectuated on January 7, 2025, at Defendant's principal place of business in

North East, Pennsylvania.  (Doc. 7).  Thus, the Court also has personal jurisdiction over

Defendant.  *See* Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (describing place of

incorporation and principal place of business as the paradigm bases for general personal

jurisdiction over a corporation)

Nevertheless, Defendant has failed to enter an appearance, respond to the Complaint or

otherwise participate in this case officially.[1]  At Plaintiff's request, the Clerk of Court entered default on May 27, 2025 (Docs. 13, 14).  Plaintiff filed a Motion for Default Judgment on June 23, 2025.  (Doc. 15).  After careful consideration, as set forth more fully below, the Court finds that the Complaint asserts a legitimate cause of action and that the factors favoring default judgment as to liability have been met.  The record, however, does not support the amount or measure of damages Plaintiff requests.

### A.  Factual Background[2]

Through its commercial website, www.preparedfoodphotos.com, Plaintiff offers a monthly subscription service that provides access to/license of approximately 18,000 professional photographs for the food industry.  Since 2017, the minimum monthly subscription rate is $999.00, and Plaintiff's standard licensing terms require at least a 12-month licensing commitment.  Plaintiff claims it does not allow the licensing of individual photographs because doing so would greatly diminish the value of its subscription model.  According to Plaintiff, the bulk of  its subscribers are professional ad agencies that develop weekly ads/websites for their own end users (i.e., grocery stores, meat/dairy

---

[1] Plaintiff has represented that, for a period of time after the commencement of this action, the parties attempted to negotiate a resolution of the matter. According to Plaintiff, however, communications with Defendant's counsel ceased, and no resolution was reached.  Motion (Doc. 15) ¶¶ 5-7.

[2] "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true.'"  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal citation omitted) (emphasis added). The Court then must ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.  Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008).  All factual statements set forth herein are taken from the Complaint (Doc. 1) and the June 13, 2025 Declaration of PFP Secretary Rebecca Jones attached as Exhibit A to the Motion for Default Judgment (Doc. 15-1).

sellers, etc.).

The work at issue in this lawsuit is a color photograph of a fruit and vegetable assortment created in 2001 by a professional photographer employed and/or contracted by Plaintiff (the "Work"). The Work's official title is "ProduceVegetableAsst012," and copies are displayed in Plaintiff's Complaint (Doc. 1 ¶ 11) and Motion (Doc. 15 ¶ 19). Plaintiff registered the Work with the Register of Copyrights fifteen years later, on September 29, 2016, where it was assigned Registration No. VA 2-019-412. *See* Complaint Ex. A. Plaintiff has been the owner of the Work at all times material to this lawsuit.

Defendant owns and operates a farmer's market, bakery and winery in North East, Pennsylvania. Defendant advertises and markets its business through its website, www.burchfarmscountrymarketandwinery.com, as well as various social media outlets. On a date after the copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage and/or social media. *See* Complaint Ex. B (attaching screenshots); *see also* Complaint ¶ 16; Motion ¶ 24.[3] Defendant is not, and never has been, licensed to use or display the Work; nor did Defendant contact Plaintiff to seek permission to use the Work. Plaintiff discovered Defendant's unauthorized use of the Work in July 2022. Following the discovery, it notified Defendant in writing of such unauthorized use.

---

[3] The screenshots depict a page devoted to Burch Farms' Community Supported Agriculture Program. The Work appears in the screenshot as one of three thumbnail photos underneath a banner photo of what looks to be part of a Burch Farms market building.

**B.  Copyright Infringement**

The uncontested facts set forth above establish a legitimate cause of action for copyright infringement.  Copyright infringement under the Copyright Act requires proof of two elements:  (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work.  Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002).  Here, the factual allegations and evidence of record, taken as true, sufficiently establish both elements.

First, Plaintiff has supplied a copy of the certificate of registration for the Work, and there is no indication that the certificate is invalid.  Complaint Ex. A.  Although the certificate was obtained more than five years after publication, and, therefore, is not entitled to a presumption of validity, it is within the Court's discretion to consider the certificate as *prima facie* evidence of a valid copyright.  *See* 17 U.S.C. § 410(c); Yurman Design, Inc. v. Golden Treasure Imps., Inc., 275 F. Supp. 2d 506, 515-16 (S.D.N.Y. 2003); *see also* Pl. Br. Supp. (Doc. 15) at 8-9 and cases cited therein.  Considering the record evidence in conjunction with Defendant's default, the Court finds that Plaintiff owned a valid copyright.

Second, taking Plaintiff's allegations as true, Defendant never licensed Plaintiff's photos or otherwise obtained permission to utilize the Work.  Nevertheless, as the exhibits attached to Plaintiff's filings reflect, Defendant published a duplicate copy of the Work on its website.  This evidence supports a finding that Defendant copied Plaintiff's work without authorization.

**C.  Default Judgment as to Liability**

If, as here, the complaint establishes a cause of action, courts next consider three factors to determine if default judgment is appropriate: "(1) prejudice to the plaintiff if default

4

is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir.2000) (listing factors); PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd, 47 F.4th 156, 160 n.8 (3d Cir. 2022); Fed. R. Civ. P. 55(b).  These three factors are met in this case.  First, Plaintiff will suffer prejudice absent a default judgment because, *inter alia*, Plaintiff will continue to suffer harm absent a remedy.  *See* Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 233 (D.N.J. 2024) ("District courts in the Third Circuit routinely hold that prejudice is established under the first Chamberlain prong when the defendant, though served, does not appear – and because of this the plaintiff's remedy is delayed." (citing cases)).  Second, Defendant has failed to file an answer or other responsive pleading to the Complaint, and the Court otherwise is unable to ascertain from the record whether Burch Farms could have asserted any meritorious defenses to Plaintiff's claims.  Third, Defendant's failure to participate in this case, particularly after engaging in settlement talks off the record, reflects culpable conduct for delay purposes.

For these reasons, without the benefit of Defendant's position, the Court is constrained to enter default judgment as to liability.  The Court also will grant Plaintiff's request for a permanent injunction to prevent future infringement of Plaintiff's copyrighted material.  *See* 17 U.S.C. § 502(a) (providing that the district court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").

### D.  Damages

The question of damages is less easily resolved.  Once liability is established, a copyright owner may elect to recover either (1) its actual damages plus any profits of the

infringer attributable to the infringement or (2) statutory damages.  *See* 17 U.S.C. § 504(a)(1)–(2).  Should a plaintiff seek statutory damages, the Court may award between $750 and $30,000 per infringement as, in its discretion, it considers "just."  Id. § 504(c)(1).  If the plaintiff proves willful infringement, the Court, again in its discretion, may increase the statutory damage award up to $150,000.  Id. § 504(c)(2).  As set forth above, the Court will not accept the Complaint's damages allegations as true.  Rather, the damages award must find support in the record.  Comdyne I, Inc., 908 F.2d at 1149.

Here, Plaintiff submits that an award of statutory damages in the amount of $95,904.00 ($47,952.00 actual damages x 2) under 17 U.S.C. § 504(c)(2) is appropriate "to compensate Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law."  Motion at 19.  Plaintiff arrived at the $47,952.00 figure by multiplying the cost of a 12-month subscription ($11,988.00) by four (the number of years it contends Burch Farms published the Work on its website).  Plaintiff then applied a 2x willfulness multiplier to account for "Plaintiff's inability to conduct discovery and to deter future violations."  Id.

Plaintiff has not persuaded the Court that this is a just resolution.  Indeed, Plaintiff has not provided any basis supporting the near-six figure sum it seeks other than its own licensing fees and citation to a laundry list of prior cases that it has litigated.  *See* Motion at 11-20.  As another district court aptly noted in eschewing Plaintiff's proposed methodology:

Plaintiff cites a handful of cases in support of its method of calculating

damages.  But these cases were all brought and litigated by Plaintiff in other districts.  Other courts having adopted Plaintiff's method of damages calculation does not, by itself, persuade this Court that it should exercise its broad statutory discretion to bring about the same result. . . . [A] damages award that the Court considers "just," must be based on something more than Plaintiff's say-so.  This Court is not in the business of rubber stamping judgments.

Prepared Food Photos, Inc. v. Hometown Publications II Inc., Case No. 22-CV-652-JPS, 2023 WL 3439535, at *4 (E.D. Wis. May 12, 2023), *vacated on other grounds*, 2023 WL 11931194 (E.D. Wis. May 31, 2023).  This Court likewise is no copycat.

Blind adherence to Plaintiff's calculations is especially inapt here given that, unlike the professional ad agencies and chain grocery stores to which Plaintiff itself professes to cater (Motion ¶ 15), Burch Farms appears to be a single, longstanding family farm, winery and market located in rural North East, Pennsylvania.  Moreover, the alleged "unlawful use" is not splashed across a mass-market menu or ad circular, but was confined to a single thumbnail-sized photo located on a subpage of Defendant's website devoted to its Community Supported Agriculture ("CSA") co-op program.  To paraphrase yet another district court that recently rejected a similar damages request in a default judgment motion brought by PFP's newest iteration, Rockefeller Photos, LLC,[4] against a local pizza joint:

---

[4] The Boston Pizza court explained that, at all times relevant to that action, a written agreement between PFP and Rockefeller Photos, LLC ("Rockefeller") granted Rockefeller "certain exclusive rights" in certain photographs created by PFP, "including the right to reproduce, sell or license the photographs and the right to pursue copyright infringements of the photographs." Bston Pizza, Inc., 2025 WL 3636285, at *1.

The Boston Pizza court also noted a troubling trend involving PFP in all of its various forms, pointing out that "PFP, formerly known as Adlife, is a serial copyright litigant that has frequently obtained large statutory damages awards for copyright infringements involving nondescript images of food for which there was little or no evidence of actual damages." Id. at *5 n.6 (noting that Rockefeller seemingly had adopted the same licensing model, relying heavily on past PFP cases in its briefing); *see also* Adlife Mktg. & Commc'ns Co., Inc. v. Karns Prime & Fancy Food,

"calculating damages based on lost licensing fees for the complete catalog over the entire time period that [Burch Farms] used the photos would give [PFP] a windfall." Rockefeller Photos, LLC v. Bston Pizza, Inc., Civil Action No. 25-cv-12299-ADB, 2025 WL 3636285, at *4 (D. Mass. Dec. 16, 2025); *see also* id. ("The Court is not persuaded that this is a reasonable solution, keeping in mind that this case involves a local pizza parlor using stock photos of two sandwiches."); Stridiron v. Cmty. Broadcasters, LLC, No. 519CV108MADATB, 2019 WL 2569863, at *3 (N.D.N.Y. June 21, 2019) ("[A]ssuming that Plaintiff refiles his motion for default judgment and judgment is granted in his favor, it is unlikely the Court will be inclined to grant an award anywhere near the statutory maximum amount.  Plaintiff provided no evidence that would justify such a substantial award.").  Similarly, in a contested case, Prepared Food Photos, Inc. v. Jaber, 780 F. Supp. 3d 779 (E.D. Wis. 2025), the district court upheld a jury verdict awarding only $200 actual damages and $1,000 statutory damages to PFP on a single-photo copyright infringement claim and rejected PFP's post-trial argument that the annual licensing fee was dispositive. In affirming the $200 actual damage award, the court explained that "[a]dopting Plaintiff's position would require the jury and the Court to assume a fact that was not established and that, frankly, goes against all reason:  that a would-be licensor (in this case, a single family-owned neighborhood grocery store) would pay about $12,000 a year to utilize a single photo." Id. at 796-97.  Rejecting PFP's go-to argument as to statutory damages, the court

---

Ltd., No. 21-2074, 2023 WL 179840 (3d Cir. Jan. 13, 2023).  In this vein, the undersigned recently presided over a similar copyright infringement lawsuit brought by Rockefeller against a local recreation center over the use of a single PFP photograph of eggplant parmesan. Rockefeller opted to voluntarily withdraw the case after the defendant appeared and filed a motion to dismiss.  Rockefeller Photos, LLC, v. Slovene Nat'l Benefit Soc'y Lodge No. 124 Club, Case No. 2:25-cv-00591 (W.D. Pa.) (Bissoon, CJ).

again admonished PFP, stating "[f]or the same reasons explained above, it is not reasonable to conclude that Plaintiff lost over $24,000 in revenue (licensing fees) from the infringing use of a single photo, because Plaintiff did not establish that $24,000 was the fair market value of this use." Id. at 798.  Indeed, PFP has not cited one contested case in which its annual license fee damages model has been accepted by the court.

In short, the Court agrees that "a pattern of obtaining large statutory damages awards untethered from actual damages would appear to be in tension with Congress's directive to ensure that damages awarded be "just."" Bston Pizza, Inc., 2025 WL 3636285, at *5 n.6 (citing 17 U.S.C. § 504(c)(1)).  The Court also agrees that, although statutory damages, as a discretionary remedy, do not demand the same measure of proof as actual damages, they do require plaintiffs, particularly in the *ex parte* default judgment context, to provide a sufficient evidentiary basis for the Court to reach that "just" result.  *See* id. at *3-*4; Fed. R. Civ. P. 55(b)(2)(B); *see also* Hometown Publications II Inc., 2023 WL 3439535, at *3 (ordering a hearing as to statutory damages).

Because the written record contains insufficient proof of damages, the Court will schedule an in-person damages hearing, at which at which time Plaintiff should be prepared to present evidence and argument in support of actual and/or statutory damages, consistent with the Court's commentary herein.  The Court defers ruling on Plaintiff's additional request for attorney's fees and costs until after the damages hearing.

## II.  ORDER

For these reasons, upon consideration of Plaintiff's Motion for Entry of Default Judgment and the Declaration attached thereto (Doc. 15), it is hereby ORDERED, ADJUDGED, and DECREED that said Motion be, and hereby is GRANTED IN PART as

follows:

Default Judgment is entered in favor of Plaintiff, Prepared Food Photos, Inc., f/k/a Adlife Marketing & Communications Co., Inc., and against Defendant, Burch Farms, Inc., as to liability only.  Additionally, Burch Farms, Inc. hereby is PERMANENTLY ENJOINED from any further infringement of Plaintiff's copyright in "ProduceVegetableAsst012."

An in-person damages hearing is set for **Tuesday, April 21, 2026, at 2:30 p.m.** in Courtroom 3A.  Ruling on Plaintiff's request for attorney's fees and costs is deferred.

Date: March 19, 2026                              s/Cathy Bissoon
                                                  _____
                                                  Hon. Cathy Bissoon
                                                  Chief United States District Judge

cc:  All counsel of record (via ECF)